UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

                Plaintiff,

v.

Roberto Antwan Williams,

                Defendant.

Case No. 21-cr-00254 (WMW/LIB)

**DEFENDANT ROBERTO WILLIAMS'
MOTION FOR SUPPRESSION OF
EVIDENCE DERIVED FROM A
VIOLATION OF HIS FOURTH
AMENDMENT RIGHTS**

---

Roberto Antwan Williams, by and through his undersigned counsel, Brian N. Toder, moves the Court for an order establishing that the stop of the vehicle that he was a passenger in on July 31, 2021, and the subsequent detainment and search of him, violated his Fourth Amendment Constitutional rights, and that any evidence derived from that stop and detainment be suppressed. This motion pertains only to Count One of the Indictment. Pursuant to this Court's Order of January 31, 2022 (Dkt. 21), defendant's counsel advises that oral argument is requested.

## FACTS

According to Sergeant Roger Bauman's statement provided in discovery, he was in his squad car, in St. Cloud, approaching Highway 10, eastbound on East St. Germain Street. He stopped at Highway 10 for a red light. While stopped he received a radio call from fellow officer Benjamin Eckberg who told officer Bauman to stop a silver Chevy or GMC vehicle that was currently at the lights facing west. Officer Eckberg said the reason for the stop was because a crime victim, who was then with Officer Eckberg, told him that the vehicle that he wanted

stopped may have aboard a witness to the crime.  The crime was an alleged assault and attempted robbery committed shortly before.

Relying on Officer Eckberg's statement that a witness to a crime may be aboard the vehicle, Officer Bauman activated his emergency lights and stopped the vehicle. Nowhere in Officer Bauman's report, nor in any other officer's report, is there even a suggestion that the stop was borne of a reasonable suspicion that the driver of the vehicle committed a crime or violation.

After the vehicle was stopped Officer Bauman walked up to the vehicle and detected the odor of burnt marijuana. After the vehicle was stopped Officer Bauman received another call from Officer Eckberg describing the male suspect in the attempted robbery, stating it was a black male with dreads who was wearing a white T-shirt and pajama pants.

Officer Bauman stated in his report that "the front seat male passenger matched that description perfectly."  Thereafter, Officer Bauman directed newly arrived Officer Dwayne Bergsnev to detain defendant. Defendant refused to get into Officer Bergsnev's squad car and was told that he would be arrested for obstructing if he continued to fail to comply. At the same time defendant was repeatedly told that he was "only being detained while we investigate a crime involving a firearm."

Officer Eckberg then arrived on the scene with the alleged victim who was "95 percent sure that this was the same person that assaulted them and was in possession of a firearm." Defendant was then cuffed and arrested. A subsequent search revealed a 9mm Smith & Wesson handgun in the glove box and small amounts of controlled substances.

## ARGUMENT

The Fourth Amendment guarantees the "right of the people to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures," and that "no

warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const.

Amend. IV. "[S]earches conducted outside the judicial process, without prior approval by judge

or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few

specifically established and well-delineated exceptions." *United States v. Davis*, 569 F.3d 813, 816

(8th Cir. 2009) (citing *Katz v. United States*, 389 U.S. 347, 357 (1967)); *see, United States  v. Jones*,

269 F.3d 919, 924 (8th Cir. 2001).

Roadside traffic stops constitute seizures for the purposes of the Fourth Amendment.

*See,  e.g.*, *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). To be lawful, a traffic stop must be

supported by at least a reasonable, articulable suspicion that a crime is being committed. *See,

e.g., Jones*, 269 F.3d at 924; *Prouse*, 440 U.S. at 663; *United States v. Martin*, 411 F.3d 993, 1000 (8th

Cir. 2005); *United States v. Houston*, 548 F.3d 1151, 1153 (8th Cir. 2008); *United States v. Travis*, No.

14-cr-253 (DSD/SER), 2015 WL 439393, at *1, 11 (D. Minn. Feb. 3, 2015); *United States v. Maurstad*,

No. 18-cr-300 (1) (SRN/KMM), 2019 WL 4863451, at *3 (D. Minn. Aug. 21, 2019), *report and

recommendation adopted*, 2019 WL 4862029 (D. Minn. Oct. 2, 2019); *United States v. Linkous*, 285

F.3d 716, 719 (8th Cir. 2002).

As the Eighth Circuit Court of Appeals has repeatedly recognized, the consideration of

reasonable, articulable suspicion is "fact specific, requiring the government to establish that the

officer had 'a *particularized and objective* basis for suspecting the particular person stopped of

breaking the law.'" *United States v. McLemore*, 887 F.3d 861, 865 (8th Cir. 2018) (quoting *Heien v.

North Carolina*, 574 U.S. 54, 60 (2014)) (emphasis added).

It is well-settled law in this circuit that both a passenger and a driver are seized during

a *Terry* stop of a vehicle. *United States v. Oliver*, 550 F.3d 734, 737 (8th Cir. 2008) (citing *Brendlin*

*v. California*, 551 U.S. 249, 257-258, 127 S.Ct. 2400 (2007). Accordingly, defendant has standing to challenge the legality of the stop.

The government may argue that this was an investigative stop, but that takes nothing away from the protections of the Fourth Amendment.

The Fourth Amendment applies to brief investigatory stops. *United States v. Cortez*, 449 U.S. 411. 101 S.Ct. 690, 694-695 (1980) citing *Reid v. Georgia*, 448 U.S. 438, 440, 100 S.Ct. 2752, 2753, 65 L.Ed.2d 890 (1980); *United States v. Brignoni-Ponce*, 422 U.S., *supra*, at 878, 95 S.Ct., at 2578; *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); *Terry v. Ohio*, 392 U.S. 1, 16–19, 88 S.Ct. 1868, 1877–1879, 20 L.Ed.2d 889 (1968).

An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. *Cortez*, 101 S.Ct. at 695 citing *Brown v. Texas*, 443 U.S. 47, 51, 99 S.Ct. 2637, 2640, 61 L.Ed.2d 357 (1979); *Delaware v. Prouse*, 440 U.S. 648, 661, 99 S.Ct. 1391, 1400, 59 L.Ed.2d 660 (1979); *United States v. Brignoni-Ponce, supra*, 422 U.S., at 884, 95 S.Ct., at 2581; *Adams v. Williams*, 407 U.S. 143, 146–149, 92 S.Ct. 1921, 1923–1924, 32 L.Ed.2d 612 (1972); *Terry v. Ohio, supra*, 392 U.S., at 16–19, 88 S.Ct., at 1877–1879.

Officer Bauman stated unequivocally that the singular purpose of the stop was to identify a possible witness. There was no "objective manifestation that the person stopped is, or is about to be, engaged in criminal activity."

We do not want to create a rule that police officers can turn on their emergency lights and siren to stop vehicles solely to get information. "No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and

4

unquestionable authority of law." *Terry v. Ohio*, 392 U.S. 1, 8, 88 S.Ct. 1868, 1873 (1968) citing *Union Pac. R. Co. v. Botsford*, 141 U.S. 250, 251, 11 S.Ct. 1000, 1001, 35 L.Ed. 734 (1891).

Pursuant to Local Rule 12.1(b) defendant's undersigned counsel conferred with government counsel attempting to in good faith clarify and narrow the issues in dispute. Defendant requests oral argument.

## CONCLUSION

This Court should grant defendant's motion to suppress all evidence derived from the investigatory stop of July 31, 2022.

Respectfully submitted,

Dated:  February 14, 2022              **CHESTNUT CAMBRONNE PA**

By /s/ Brian N. Toder _____
    Brian N. Toder, #17869X
    100 Washington Avenue South
    Suite 1700
    Minneapolis, MN  55401
    (612) 339-7300
    btoder@chestnutcambronne.com
    **ATTORNEYS FOR DEFENDANT**