UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-254 (WMW/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO ANTWAN WILLIAMS,<br><br>Defendant. | **GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS** |

The United States of America, by and through its attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota, and Thomas Calhoun-Lopez, Assistant United States Attorney, hereby submits its consolidated response to Defendant Roberto Antwan Williams's various pretrial motions.

### 1. Motion for Early Disclosure of Jencks Act Material (Document No. 22).

The United States opposes this motion. It has been repeatedly and consistently held in this Circuit and District that the United States may not be required to make pretrial disclosure of Jencks material. *United States v. Finn*, 919 F. Supp. 1305, 1315 n.3 (D. Minn. 1995); *see also United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). Accordingly, the United States objects to any court-ordered disclosure of such statements prior to the witnesses' testimony. Notwithstanding the above, the United States has

turned over all Jencks Act materials in its possession, and agrees to provide any material it subsequently receives not later than three days prior to trial.

2. **Motion for Severance of Counts (Document No. 23).**

The Defendant has moved for an order severing Count 1, which charges him with possession of a firearm on July 31, 2020, from Count 2, which charges him with possession of separate firearms on November 13, 2020. The United States opposes this motion.

An indictment may charge a defendant with separate crimes if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). That rule is "broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902–03 (8th Cir. 2008). A joinder of offenses may be severed if it "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The Eighth Circuit has recognized that prejudice may come from the possibility that 1) the jury "might use evidence of one crime to infer guilt on the other," or 2) the jury might "cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately." *United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996). "On the other hand, a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's

separate trial of the other crime." *Id*.

The Defendant bears the burden of establishing prejudice from the joinder of counts. *United States v. Humphreys*, 982 F.2d 254, 259 (8th Cir. 1992). This is a "heavy burden" (*United States v. Warfield*, 97 F.3d 1014, 1019 (8th Cir. 1996)), and "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." (*Zafiro v. United States*, 506 U.S. 534, 540 (1993)). Joinder of offenses is a "favored practice." *United States v. Humphreys*, 982 F.2d at 259. Therefore the danger of prejudice must be elevated: it must be "both 'real' and 'clear'" (*United States v. Payton*, 636 F.3d 1027, 1037 (8th Cir. 2011)); or "sever or compelling" (*United States v. Kirk*, 528 F.3d 1102. 1108 (8th Cir. 2008)). "There is a strong presumption against severing properly joined counts." *United States v. Garrett*, 648 F.3d 618, 626 (8th Cir. 2011) (internal brackets and quotations omitted). "Only in an unusual case . . . will the prejudice resulting from a joint trial be substantial enough to outweigh the 'general efficiency of joinder.'" *United States v. Kirk*, 528 F.3d at 1107, quoting *United States v. Taken Alive*, 513 F.3d at 903.

Given this high standard, the Defendant has not met his burden. He has not shown that prejudice from the joinder of the counts charged in the indictment is substantial enough to overcome the strong presumption in favor of joinder.

3

The Defendant is charged in two counts with possession of firearms on two different dates. The charges are therefore of the same or similar character. The facts in this case are very similar to those in *United States v. Garrett*. In that case, Garrett was charged with two counts of possession of a firearm as a felon based on two separate incidents: one on July 28, and another on September 17. 648 F.3d at 621. In affirming the district court's decision to deny Garrett's motion to sever, the Eighth Circuit noted that "evidence that Garrett unlawfully possessed a firearm on one occasion was admissible to prove he knowingly possessed a firearm on another occasion." *Id.* at 627. The same analysis applies here: the Defendant's possession of a firearm on July 31 is admissible to prove he knowingly possessed a firearm on November 13. Severance would therefore not be proper.

Because the Defendant has not meet his "heavy burden" to establish prejudice, his motion to sever should be denied.

### 3. Motion for Disclosure of 404(b) Evidence (Document No. 24).

The United States is aware of its obligation under Federal Rule of Evidence 404(b) and will fully comply with those obligations.

With respect to the request for the "immediate" disclosure, Rule 404(b) does not require the immediate disclosure of such evidence. Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments ("Other than requiring pretrial notice, no specific time limits are stated in recognition that what

4

constitutes a reasonable request will depend largely on the circumstances on each case"). Although the United States intends to produce all such evidence as soon as practicable, the United States objects to the timing element of this request because it will lead to motions to suppress of later discovered 404(b) evidence. The United States agrees to disclose all such evidence at least two weeks prior to trial.

The United States requests that the order be strictly drawn to require no more than what is encompassed by Rule 404(b). Specifically, Rule 404(b) does not encompass acts which are "intrinsic" to the charged offense. Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If conduct of the defendant is an "intrinsic" part of any of the charged offense but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence be given. The distinction is an important one as the defendant may claim that the United States must give notice of every "bad act" it intends to introduce, which is not so. *United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

4. **Motion for Early Disclosure of Government Trial Witnesses (Document No. 25).**

The Defendant has moved for an order requiring the United States to disclose the identity of its trial witnesses three weeks before trial. The United

States will provide the Court and Defendants a witness list pursuant to the Court's scheduling order in this case. The United States opposes any attempt to compel a witness list before then. Criminal defendants have no right in noncapital cases to disclosure of the names of government witnesses under Federal Rule of Criminal Procedure 16(a). *See United States v. Porter*, 850 F.2d 464, 465 (8th Cir. 1988); *United States v. White*, 750 F.2d 726, 728 (8th Cir. 1984). The Defendant's motion should therefore be denied.

**5.     Motion to Suppress Evidence (Document No. 26).**

The Defendant has moved to suppress evidence seized by law enforcement officers in the course of a vehicle stop on July 31, 2020 (Count 1 of the Indictment). The United States opposes this motion.

Officers of the St. Cloud Police Department were justified in stopping the vehicle in which the Defendant was a passenger in the course of their investigation of an attempted armed robbery. They had received information that the vehicle contained an eyewitness to the crime, and reasonably stopped the vehicle near the scene to take the witness's statement. *See Illinois v. Lidster*, 540 U.S. 419, 425–26 (2004) (upholding the stop of vehicles at a checkpoint to seek eyewitnesses to a crime, and noting that "the law ordinarily permits police to seek the voluntary cooperation of member of the public in the investigation of a crime."). *See also United States v. Beasley*, No. 20-00191-01-CR-W-BP, 2021 WL 3680982, at *6 (W.D. Mo. May 10, 2021), *report and*

*recommendation adopted*, No. 20-00191-01-CR-W-BP, 2021 WL 2912098 (W.D. Mo. July 12, 2021) ("even if the officers did not have a reasonable suspicion that defendant Beasley and Mr. Jackson were involved with criminal wrongdoing, the officers could nevertheless detain Beasley and Jackson to obtain information from them as potential witnesses to a crime so long as the Fourth Amendment's reasonableness requirement was satisfied.).

Once the vehicle was stopped, an officer detected the smell of marijuana coming from the vehicle. He also quickly realized he was talking not to a potential a witness, but to what appeared to be the perpetrator of the crime. He was therefore justified in prolonging the stop.

The United States intends to call at the evidentiary hearing two witnesses in connection with this motion.

6. **Motion for Discovery (Document No. 27)**.

The United States does not object to this motion insofar as it seeks items that fall within the ambit of Federal Rule of Evidence 16. The United States has already complied with Rule 16 and will continue to do so.

The United States, however, does object to the motion insofar as it seeks items that fall outside the ambit of Rule 16. There is no general constitutional right to discovery in a criminal case. *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). A criminal defendant must point to either a statute, rule of criminal procedure,

7

or other entitlement to obtain discovery from the government.  *Id.*

The United States specifically opposes the Defendant's motion to "have the government specifically identify, not merely produce for copying, the discovery sought."  (Document No. 27 at 1.)  There is no requirement in Rule 16 to do so, and even if there were, the scope of the request is not clear.  The United States will identify exhibits it intends to use and witnesses it intends to call pursuant to the trial calendar.  The Defendant's motion to have the United States further "identify" his list of 16 items is overly broad and not supported by any rule or other authority.

### 7.   Motion to Preserve Rough Notes (Document No. 28).

The United States does not oppose requiring the law enforcement officials involved in the investigation of this case to retain and preserve the items identified in the Defendant's motion.

However, the United States objects to any order concerning the disclosure of rough notes.  Rough notes are not considered statements within the meaning of the Jencks Act, 18 U.S.C. § 3500.  *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding that rough notes were not a statement of witness as there was no evidence witness signed, adopted, or approved of notes); *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover government agents' general notes from witness interviews).  Nor are agent rough notes generally discoverable as

"statements" of the agent. *See United States v. Simtob*, 901 F.2d 799, 808-09 (9th Cir. 1990) (defendant not entitled to discover testifying agent's destroyed rough notes of investigation as Jencks Act material when merely represented pieces of information put in writing to refresh memory); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

Dated:   February 28, 2022

    Respectfully Submitted,

    CHARLES J. KOVATS, JR.
    Acting United States Attorney


    *s/ Thomas Calhoun-Lopez*
    BY:   THOMAS CALHOUN-LOPEZ
    Assistant U.S. Attorney
    Attorney ID No. 480908DC