UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-0254 (WMW/LIB) |
| Plaintiff, | |
| v. | **ORDER ON MOTIONS IN LIMINE AND PRETRIAL MOTIONS** |
| Roberto Antwan Williams, | |
| Defendant. | |

Before the Court are Defendant Roberto Antwan Williams's Motion to Dismiss and Motion to Sever, (Dkts. 92, 93), and both parties' motions in limine, (Dkts. 94, 95, 96, 100, 101, 102, 103, 104, 105, 106, 111). For the reasons addressed below, the motions are granted in part and denied in part.

A grand jury returned an indictment in this case on November 23, 2021. Counts 1 and 2 of the indictment charge Williams with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

The jury trial in this case is scheduled to commence on August 16, 2023.

**I.      Motion to Dismiss**

Williams moves to dismiss the indictment, arguing that Section 922(g)(1) is unconstitutional, both facially and as applied in this case. Williams contends that the Second Amendment and Fourteenth Amendment guarantee his right to possess a firearm and that this is particularly true as some of the underlying convictions have been found to be unconstitutional. The United States opposes the motion.

The United States Court of Appeals for the Eighth Circuit has concluded that "that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant." *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) (citing *United States v. Jackson*, No. 22-2870, 69 F.4th 495, 501–02 (8th Cir. 2023)). The longstanding prohibition on possession of a firearm by a felon is constitutional. *Id.* (collecting cases).

The Eighth Circuit's holdings in *Jackson* and *Cunningham* directly controvert Williams's facial challenge to the constitutionality of Section 922(g)(1). Williams does not provide any arguments as to why this Court should reach a different conclusion. In support of his as-applied challenge, Williams argues that five of his underlying felony convictions are predicated on statutes that have been found to be unconstitutional. But the United States's original indictment alleges that Williams has eight felony convictions. Therefore, even if Williams's as-applied argument is correct, the United States may still seek to prove that Williams is prohibited from possessing a firearm based on one or more of Williams's other three felony convictions. Williams has not established that Section 922(g)(1) is unconstitutional as applied to him. As such, the Court denies Williams's motion to dismiss.

## II.    Motion to Sever

Williams moves to sever the two counts in this case, arguing that severance is warranted to prevent the jury from improperly considering evidence of Williams's possession of a firearm on one occasion as propensity evidence. The United States opposes

2

this motion, contending that Williams has not met his "heavy burden" to demonstrate prejudice from the joinder of the counts.

The Court addressed this argument when it adopted the September 9, 2022 Report and Recommendation and denied without prejudice Williams's earlier motion to sever. Specifically, the Court adopted the September 9, 2022 Report and Recommendation and rejected Williams's argument that introduction of evidence of one alleged instance of unlawful possession would be prejudicial as to the other alleged instance of unlawful possession. In the present motion to sever, Williams does not provide any change in circumstances that warrants severance. *See United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006). Accordingly, Williams's motion to sever is denied.

**III.    Motions In Limine**

    **A.    Controlled Substance Evidence**

Williams moves to exclude controlled substance evidence that was discovered next to the firearms. Williams argues that there is not clear and convincing evidence that he possessed the controlled substances. The United States moves to admit the controlled substance evidence, arguing that the evidence is admissible to show motive for possession of the firearms.

"Rule 404(b) is a rule of inclusion rather than exclusion and admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition." *United States v. Claybourne*, 415 F.3d 790, 797 (8th Cir. 2005) (internal citation omitted). Rule 404(b) pertains "to the admission of wrongful-act evidence that is extrinsic to the charged offense. Rule 404(b) does not exclude other wrongful conduct that

is intrinsic to the charged offense." *United States v. Williams*, 796 F.3d 951, 961 (8th Cir. 2015). Intrinsic evidence is evidence that "is offered for the purpose of providing the context in which the charged crime occurred. Such evidence is admitted because the other crime evidence completes the story or provides a total picture of the charged crime." *United States v. Brooks*, 715 F.3d 1069, 1076 (8th Cir. 2013) (quoting *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010)).

The controlled substances at issue here were found next to the firearms. The United States intends to introduce the controlled substances to establish context as to why Williams allegedly possessed the firearms. The controlled substance evidence, therefore, is intrinsic to the charged crime. *United States v. Fogg*, 922 F.3d 389, 393 (8th Cir. 2019) (concluding that evidence of drugs and drug paraphernalia seized along with a short-barreled shotgun after a car chase was clearly intrinsic because it completed the story or provided context to the charged crime). For this reason, the controlled substance evidence discovered during the incidents leading to Counts 1 and 2 is admissible. Williams's motion in limine to exclude the controlled substance evidence, therefore, is denied and the United States's motion in limine to admit the controlled substance evidence is granted.

B.   **Evidence of STRmix Analysis**

Williams also moves to exclude evidence of the STRmix analysis performed on the firearms at issue in Count 2 of the indictment. Williams contends that such analysis will not be helpful to the jury and that its probative value is substantially outweighed by the danger of confusing the issues, misleading the jury, or wasting time. The United States disagrees. The United States contends that the evidence is admissible and Williams's

4

arguments pertain to the weight and persuasiveness of the STRmix Analysis—not its admissibility.

The admission of expert testimony is governed by Rule 702, Fed. R. Evid., which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

When evaluating the admissibility of expert testimony, the trial court serves as the gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Expert testimony, like any other evidence, can be excluded if its probative value is substantially outweighed by the danger of confusing the issues, misleading the jury, or wasting time. Fed. R. Evid. 403.

Count 2 of the indictment alleges that Williams possessed two different firearms in violation of Section 922(g)(1), a Kel Tec firearm and a Taurus firearm. STRmix Analysis performed on the Kel Tec firearm revealed a mixture of DNA from five or more people, and concluded that a major DNA profile matched K.G., Williams's daughter. The analysis also concluded that Williams could not be excluded as a possible contributor to the mixture.

The analysis performed on the Taurus firearm also revealed a mixture of DNA from five or more persons and concluded that Williams's DNA was likely part of this mixture.[1]

Williams does not challenge the principles and methods of the STRmix Analysis. *See United States v. Lewis,* 442 F. Supp. 3d 1122, 1127 (D. Minn. 2020) (discussing the principles and methods of STRmix Analysis). But Williams questions the conclusions that are drawn from the testing. Williams's argument to exclude the STRmix Analysis, primarily pertains to the reliability of the STRmix Analysis—not its admissibility. STRmix Analysis's reliability, however, is appropriately addressed through cross-examination. *See Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006); *see also United States v. Washington*, No. 8:19-cr-299, 2020 WL 3265142, at *4 (D. Neb. June 16, 2020) ("[E]ven if there are questions about the reliability of testimony based on STRmix statistics, such questions generally go to the weight of the witness's testimony, not its admissibility") (internal quotations omitted). For this reason, Williams's motion to exclude the STRmix Analysis results, therefore, is denied.

**C.    Evidence of Prior Convictions**

Williams also seeks to exclude evidence of his prior convictions, arguing that these convictions are predicated on a firearm ban that was held unconstitutional by the Illinois Supreme Court and the United States Court of Appeals for the Seventh Circuit. The United

---

[1] Williams does not dispute that the STRmix Analysis appears to support the hypothesis that Williams was a contributor to the mixture along with four unidentified, unrelated individuals found on the Taurus firearm.

States objects, arguing that Williams's effort to mount a collateral attack on the underlying state convictions is impermissible in this federal prosecution.

A defendant cannot collaterally attack an underlying state court conviction in a federal court prosecution alleging a violation of 18 U.S.C. § 922. *United States v. Bena*, 664 F.3d 1180, 1185 (8th Cir. 2011); *see also Lewis v. United States*, 445 U.S. 55, 56 (1980) (denying defendant ability to collaterally attack underlying conviction under predecessor statute to 18 U.S.C. § 922(g)(1)).

Williams contests the validity of the underlying convictions. However, such a challenge must be presented in the court of conviction. *See United States v. Hoeft*, No. 4:21-CR-40163-KES, 2023 WL 2586030, at *6 (D.S.D. Mar. 21, 2023) (denying a defendant's collateral attack on a state court conviction in a federal court prosecution). Because Williams cannot collaterally attack his underlying state convictions in this matter in U.S. District Court, his argument fails to establish that evidence of his prior convictions of state court offenses is inadmissible here. Williams's motion to exclude evidence of the prior convictions, therefore, is denied.

**D.     911 Call**

The United States moves to admit a recording of the 911 call that O.B. made to police to provide the context for the traffic stop and the subsequent arrest that led to the discovery of the gun. The United States contends that this 911 call is admissible as a present-sense impression and an excited utterance. Williams disagrees, arguing that admitting a recording of the 911 call would violate Williams's Sixth Amendment right to confront the witness and any statements made by O.B. are inadmissible hearsay.

The present-sense-impression exception to the hearsay rule provides that "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it" is "not excluded by the rule against hearsay," Fed. R. Evid. 803(1), and an excited utterance is admissible if the statement relates to a startling event or condition and was made while the declarant was under the stress of excitement that it caused," Fed. R. Evid. 803(2).

O.B. made the 911 call immediately after individuals allegedly assaulted and attempted to rob him at gunpoint. Although the call occurred minutes after the incident, the call was placed with sufficient contemporaneity to the underlying events to constitute a present-sense impression. *United States v. Hawkins*, 59 F.3d 723, 730 (8th Cir. 1995) (victim placed 911 call 7 minutes after incident from a nearby store); *United States v. Mejia–Valez*, 855 F.Supp. 607 (E.D.N.Y.1994) (admitting two 911 calls—the first 2 to 3 minutes a shooting and the other approximately 16 minutes after shooting); *see also United States v. Dean*, 823 F.3d 422, 428 (8th Cir. 2016). The Court also concludes that O.B.'s statements were made under the stress of excitement from the assault and, therefore, fall under the excited-utterance exception. O.B. made the call shortly after the assault allegedly occurred. While on the phone, he spoke very rapidly and made several references to being killed. For these reasons, the 911 calls are admissible under both the present-sense impression exception and the excited-utterance exception to the rule against hearsay.

Williams contends that admission of the 911 call would violate his Sixth Amendment right to confront and cross examine the eyewitness who made the call. The Confrontation Clause of the Sixth Amendment "bars the admission of testimonial hearsay

8

unless the declarant is unavailable and the defendant has had a prior opportunity for cross examination." *United States v. Clifford*, 791 F.3d 884, 887 (8th Cir. 2015) (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004)). Witness statements made in response to police interrogation ordinarily are testimonial. *Id.* But witness statements are nontestimonial when "the primary purpose of an interrogation is to respond to an ongoing emergency." *Michigan v. Bryant*, 562 U.S. 344, 358 (2011) (internal quotation marks omitted).

The statements made during the 911 call are not testimonial because the information O.B. provided was in response to an ongoing emergency. *United States v. Robbins*, 948 F.3d 912, 916 (8th Cir. 2020). Immediately after O.B. was able to break free from those who allegedly assaulted him, O.B fled and hid in his vehicle where he called law enforcement and reported the attempted robbery. Questions elicited by the 911 operator were focused at "ending a threatening situation." *Michigan*, 562 U.S. at 361. Because the 911 call was made to enable police to identify and apprehend an armed and threatening individual, these statements are not testimonial. *See United States v. Mitchell*, 726 F. App'x 498, 501 (8th Cir. 2018). As such, Williams's Confrontation Clause argument fails.

In summary, the Court, grants the United States's motion to admit the 911 Call.

### E.     Background Regarding Investigation

In support of Count 1 of the indictment, the United States seeks to elicit facts related to the context of the 911 stop. Absent such information, the government argues, the jury might erroneously assume that law enforcement officers lacked any basis to stop the vehicle. Williams does not oppose this motion. But Williams contests the admissibility of

any testimony that indicates he matched the description of the person suspected of the assault.

Generally, evidence of other crimes committed by a defendant is inadmissible. *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984) (internal citations omitted). But evidence that provides the context in which a crime occurred, that is to say, the *res gestae*, is an exception to this general rule. *United States v. Morrison*, 748 F.3d 811, 812 (8th Cir. 2014) (quoting *United States v. Savage*, 863 F.2d 595, 599 (8th Cir. 1988). "Although *res gestae* evidence sometimes implicates the defendant in other acts," when those acts are "inextricably intertwined with the charged crime, they are not extrinsic, and thus not merely character evidence." *Id.* (internal quotation marks omitted). For this reason, evidence that provides the context of a defendant's arrest is admissible in a felon-in-possession case. *United States v. Savage*, 863 F.2d 595, 599–600 (8th Cir. 1988). A jury is entitled to know the circumstances and background of a criminal charge. *Moore*, 735 F.2d at 292. A jury is not expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge. *Id.*

The court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. As a general rule, when weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the balance should be struck in favor of admission. *United States v. Robertson*, 948 F.3d 912, 917 (8th Cir. 2020).

The United States seeks to introduce evidence that law enforcement officers stopped the vehicle because the officers had information that the occupants might have witnessed the assault and robbery and that the officers arrested Williams because he matched the description of the suspect. This information is helpful to a jury because it provides context for the stop and the subsequent discovery of the firearm within the vehicle. Such evidence, the United States argues, "completes the story" of the charged offense and is admissible at trial. *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014) (internal quotation marks omitted); *see also United States v. Carroll*, 207 F.3d 465, 468 (8th Cir. 2000). Williams contests the admissibility of any statements identifying him as matching the appearance of the suspect of the investigation as unfairly prejudicial. The Court, however, concludes that the evidence's potentially prejudicial effect does not substantially outweigh the evidence's probative value.

These statements are helpful to understand why officers conducted the arrest and, without the statements, there is a risk that the jury will be confused as to why officers stopped and searched the vehicle. Moreover, Williams does not address why a limiting instruction directing the jury to refrain from drawing any inferences from the investigation would not mitigate the prejudicial effect of these statements.

In summary, the Court grants the United States's motion to admit evidence related to the background regarding the investigation.

F. **Statements Regarding National Police Controversies**

The United States moves to preclude Williams from referencing national or local controversies about the use of force by police officers, absent a showing that any such

argument or line of inquiry is relevant. The United States requests that counsel address any such testimony or argument with the Court outside the presence of the jury before the testimony or argument is offered. Williams does not oppose this motion. The Court grants the motion. Should Williams intend to address national or local controversies pertaining to the use of force by police officers, Williams must first demonstrate that the argument or testimony is relevant and admissible.

### G    Impeachment Evidence of Prior Felony Conviction

The United States seeks an order permitting the use of Williams's 2017 felony conviction of unlawful possession of a firearm by a felon as impeachment evidence in the event that Williams's chooses to testify. Williams opposes the motion, arguing that such impeachment would be highly prejudicial and that the prejudice would substantially outweigh any probative value.

When a defendant testifies at trial, the defendant's prior criminal conviction of an offense that is punishable by imprisonment for more than one year is admissible to attack the defendant's character for truthfulness "if the probative value of the [conviction] outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). "[B]ecause of the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath," such convictions are probative of witness credibility. *United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005) (internal quotation marks omitted).

Because it is uncertain that Williams plans to testify in this matter, the United States's motion is denied without prejudice as premature.

### H. Hearsay Statements

The United States moves for an order precluding Williams from offering into evidence his own self-serving hearsay. Williams does not oppose this motion. A criminal defendant's prior out-of-court exculpatory statements are hearsay if they are merely consistent with the defendant's plea of not guilty. *See United States v. Waters*, 194 F.3d 926, 930–31 (8th Cir. 1999) (holding that the district court did not err by refusing to admit evidence of the defendant's prior statements consistent with plea of not guilty); *United States v. Chard*, 115 F.3d 631, 634–35 (8th Cir. 1997) (same). Here, the United States has not identified any self-serving hearsay that exists and that Williams intends to offer into evidence. The Court declines to issue an advisory opinion. Accordingly, the United States's motion is denied without prejudice as premature.

### I. Reference to Punishment

The United States moves to preclude Williams from referring to any potential punishment that he might face if convicted. Williams does not oppose this motion. Because any punishment attributable to an offense has no bearing on whether the United States has proven the elements of that offense beyond a reasonable doubt, such punishment is not relevant evidence. *See* Fed. R. Evid. 401, 402. This motion is granted.

### J. Narrow Indictment

The United States moves to narrow the indictment and seeks to remove specific references to Williams's criminal convictions. Williams does not oppose this motion.

Independent and unnecessary allegations in an indictment may be ignored by the Court. *United States v. McIntosh*, 23 F.3d 1454, 1457 (8th Cir. 1994) (citing *United States*

13

*v. Miller*, 471 U.S. 130, 144 (1985)). "Allegations in the indictment that are not necessary to establish a violation of a statute are surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime." *Id.* An allegation may be stricken from an indictment if it adds nothing to the indictment, and the remaining allegations state the elements of an offense. *United States v. Nabors*, 762 F.2d 642, 647 (8th Cir. 1985).

Here, the proposed change simply narrows the indictment and does not broaden or add anything to the indictment. The removal of specific references merely pertains to matters of form. The United States's motion to narrow the indictment is granted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Roberto Antwan Williams's motion to dismiss, (Dkt. 92), is **DENIED**;

2. Defendant Roberto Antwan Williams's motion to sever counts, (Dkt. 93), is **DENIED**;

3. Defendant Roberto Antwan Williams's motion in limine to exclude evidence of controlled substances, (Dkt. 94), is **DENIED**;

4. Defendant Roberto Antwan Williams's motion in limine to exclude evidence of STRMix analysis, (Dkt. 95), is **DENIED**;

5. Defendant Roberto Antwan Williams's motion in limine to exclude evidence of invalid conviction, (Dkt. 96), is **DENIED**;

6.     Plaintiff United States of America's motion in limine to admit the 911 Call, (Dkt. 100), is **GRANTED**;

7.     Plaintiff United States of America's motion in limine to admit the context of the investigation, (Dkt. 101), is **GRANTED**;

8.     Plaintiff United States of America's motion in limine to exclude statements regarding national police controversy, (Dkt. 102), is **GRANTED**;

9.     Plaintiff United States of America's motion in limine to admit controlled substance evidence, (Dkt. 103), is **GRANTED**;

10.    Plaintiff United States of America's motion in limine to admit impeachment evidence of prior felony conviction, (Dkt. 104), is **DENIED without prejudice**;

11.    Plaintiff United States of America's motion in limine to exclude Defendant's statements as hearsay, (Dkt. 105), is **DENIED without prejudice**;

12.    Plaintiff United States of America's motion in limine to exclude statements referencing punishment, (Dkt. 106), is **GRANTED**;

12.    Plaintiff United States of America's motion in limine to narrow the indictment, (Dkt. 111), is **GRANTED**.


Dated: August 10, 2023               s/Wilhelmina M. Wright
                                     Wilhelmina M. Wright
                                     United States District Judge